**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 95-5657

JOYCELYN GWINNETTE TUCKER,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
William B. Traxler, Jr., District Judge.
(CR-94-875)

Submitted: December 19, 1996

Decided: January 2, 1997

Before ERVIN and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

C. Timothy Sullivan, Greenville, South Carolina, for Appellant.
David Calhoun Stephens, Assistant United States Attorney, Green-
ville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Joycelyn Gwinnette Tucker appeals from her conviction and sentence for possession with intent to distribute cocaine base in violation of 21 U.S.C.A. § 841(a)(1), (b)(2)(B) (West 1981 & Supp. 1996). Tucker's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether the district court complied with the requirements of Fed. R. Crim. P. 11 in accepting Tucker's guilty plea and whether the court erred in denying Tucker's request for a departure below the guideline range. Counsel asserted that there are no meritorious issues for appeal. Tucker was notified of her right to file an additional brief, but has not done so.

Pursuant to an oral plea agreement, Tucker pled guilty to possession with intent to distribute cocaine base. The government stipulated that Tucker would be held responsible for 25 grams of crack cocaine and that Tucker should qualify for a reduction in offense level because of her role as a minimal participant. USSG 3B1.2(a).* The district court accepted this stipulation.

In accordance with the requirements of Anders , we have examined the entire record in this case and find no meritorious issues for appeal. The district court properly conducted the Rule 11 hearing and ensured that Tucker knowingly and voluntarily entered her guilty plea. See Boykin v. Alabama, 395 U.S. 238, 243-44 & nn.5-6 (1969). Further, the government recited the factual basis for the plea, Tucker agreed to the recitation of facts, and the court determined that the facts were sufficient to prove all of the essential elements of possession with intent to distribute crack cocaine. See Fed. R. Crim. P. 11(f); United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991), cert. denied, 503 U.S. 997 (1992).

Counsel also raised an issue concerning the computation of Tucker's criminal history category and the district court's refusal to depart below the sentencing guideline range. We find that Tucker's criminal

---

*United States Sentencing Commission, Guidelines Manual (Nov. 1994). Tucker was sentenced on August 17, 1995.

2

history was correctly determined. See USSG§§ 4A1.1, 4A1.2. Further, the district court's refusal to depart is not reviewable by this court unless the district court "mistakenly believed that it lacked the authority to depart." United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir.), cert. denied, 498 U.S. 819 (1990). It is clear from the record that the district court was aware of its authority to depart and declined to do so. Therefore, we cannot review the court's refusal to depart below the guideline range. Because Tucker's plea was knowing and voluntary and accepted in accordance with Fed. R. Crim. P. 11 and her sentence was the result of a proper application of the sentencing guidelines, we affirm Tucker's conviction and sentence.

This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3